UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| STERICYCLE, INC., | Case No. 2:16-cv-1861-APG-NJK |
| Plaintiff, | ORDER |
| PATRIOT ENVIRONMENTAL SERVICES, INC., | (Docket No. 37) |
| Defendant. |  |

Pending before the Court is Plaintiff's motion to compel. Docket No. 37. Defendant filed a response and Plaintiff filed a reply. Docket Nos. 39, 40. The parties also filed a joint status report in compliance with the Court's December 6, 2016, order. *See* Docket Nos. 41 (order), 49 (status report). The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-1.

**I.     BACKGROUND**

This dispute arises from a related action pending in the Northern District of Illinois ("Illinois action"). Docket No. 23 at 8. Plaintiff initiated the Illinois action on April 29, 2016, bringing claims against former employees who left to work for Defendant. Docket No. 2 at 7. The Illinois court issued a nonparty subpoena, which Plaintiff served on Defendant on May 6, 2016. Docket No. 23 at 8. The subpoena commanded compliance at Defendant's counsel's office in Chicago, Illinois. *Id.*

On May 12, 2016, Plaintiff filed a motion in the Illinois action to compel the defendants in that action to produce the same devices Plaintiff sought from Defendant through the nonparty subpoena. *Id.* Defendant nonetheless served its responses to the subpoena on Plaintiff. *Id.* Among other objections, Defendant noted that the subpoena ordered compliance more than 100 miles from where it regularly transacts business, in violation of Rule 45(c)(2)(A).[1] *Id.* at 9. After Defendant served its responses, United States District Judge John J. Tharp, Jr. of the Northern District of Illinois held a hearing on Plaintiff's motion to compel. Docket No. 4-7. Judge Tharp noted that Plaintiff should bring the motion against the instant Defendant, rather than the defendants in the Illinois action. *Id.* at 9-10.

On May 16, 2016, Plaintiff and Defendant met and conferred about the nonparty subpoena. Docket No. 23 at 9. While somewhat fruitful, the meet and confer did not resolve all issues. *Id.* at 9-11. After further communication, on July 23, 2016, Plaintiff notified Defendant that it intended to file a motion to compel in the Central District of California. *Id.* at 11. Defendant correctly determined that the Central District of California did not have jurisdiction to hear a motion to compel compliance with the nonparty subpoena because the place of compliance was Chicago, Illinois. *Id.* at 12-13; *see also* Fed. R. Civ. P. 45(d)(3)(A)(ii). Plaintiff then suspended its efforts to seek compliance in the Central District of California. *Id.* at 13. Nonetheless, Plaintiff informed Defendant that it would instead file a motion to compel in this District. *Id.* Defendant pointed out that doing so would not resolve the jurisdictional issue, and sought to meet and confer further. *Id.* Plaintiff did not respond. *Id.*

On August 5, 2016, Plaintiff initiated an action in this District. Docket No. 1. The same day, Plaintiff filed, in this District, both a motion to compel and a motion to transfer that motion to the Northern District of Illinois. Docket Nos. 2, 6. On August 25, 2016, the Court granted the motion to transfer because, *inter alia*, this District, like the Central District of California, lacked jurisdiction

---

[1] Unless otherwise stated, references to "Rules" denote the Federal Rules of Civil Procedure.

over the motion to compel.  Docket No. 34 at 4.

On September 23, 2016, Defendant filed a motion to dismiss Plaintiff's motion to compel, or, in the alternative, to quash for lack of personal jurisdiction, in the Illinois action.  Docket No. 39 at 7.  On October 19, 2016, United States Magistrate Judge Maria Valdez of the Northern District of Illinois granted the motion in part and denied it in part.  Docket No. 38-7.  Judge Valdez noted that, as Defendant had previously pointed out, the subpoena improperly required compliance outside of Rule 45(c)(2)(A)'s geographical limits.  *Id.* at 6-7.  Judge Valdez therefore modified the subpoena "to reflect a place of compliance in Las Vegas, Nevada."  *Id.* at 8.

On October 20, 2016, Plaintiff filed the instant motion to compel in this Court.  Docket No. 37.  Defendant noted in its response that the parties had not met and conferred for months.  Docket No. 39 at 11.  On December 6, 2016, therefore, the Court ordered the parties to meet and confer and to provide any relevant updates by December 23, 2016.  Docket No. 41.  The parties subsequently filed a status report indicating that they were not able to resolve their dispute.  Docket No. 49.

**II.   DISCUSSION**

Plaintiff submits that "exceptional circumstances" exist that warrant transferring its motion to the Northern District of Illinois under Rule 45(f), but declines to request transfer.  Docket No. 37 at 4.  Nonetheless, "Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate."  *Buc-ee's, Ltd. v. Shepherd Retail, Inc.*, No. 3:17-mc-1-N-BN, 2017 WL 86143, at *1 (N.D. Tex. Jan. 10, 2017) (internal quotation marks and citation omitted).  "Whether to transfer a subpoena-related motion is committed to the discretion of the court in the district where compliance is required.  *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014).

A determination of whether "exceptional circumstances" exist turns on the particular facts of each case.  *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *6 (D. Nev. Aug. 15, 2014).  "While a prime concern is to avoid burdens on local nonparties subject to subpoenas, this interest of the nonparty must be balanced with the interests in

3

ensuring the efficient, fair, and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (internal alterations and quotations omitted). The court considering transfer should not assume that the issuing court is in a better position to resolve subpoena-related motions. *In re UBS Fin'l Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 287 (D.D.C. 2015). Nonetheless, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts," so long as those interests outweigh the interests of the subpoenaed party in obtaining local resolution of the motion. *Moon Mountain*, 301 F.R.D. at 428 (quoting Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013)).

The Court finds that exceptional circumstances exist that warrant transferring Plaintiff's motion to the Northern District of Illinois. *See* Rule 45(f). Plaintiff's primary reason for not requesting transfer appears to be that it has already spent five months attempting to enforce its subpoena. *See* Docket No. 37 at 4. However, as Judge Valdez aptly noted, Plaintiff is responsible for this delay. *See* Docket No. 38-7 at 9. Moreover, Plaintiff presents no points and authorities in support of its motion to compel. *See* Docket No. 2.[2] Instead, Plaintiff relies on references to how Judge Tharp indicated he might rule on certain issues, and to the stipulated protective order in place in the Illinois action. *See, e.g.*, Docket No. 2. at 16-17. Plaintiff's reliance on these factors makes clear that a ruling from this Court would disrupt the Illinois court's management of the underlying litigation. The Court declines to speculate as to how Judge Tharp may rule on any issues. Similarly, the Court will not rule on the sufficiency of the protective order issued in the Northern District of Illinois. The Court finds that, contrary to Plaintiff's assertions, the most direct and efficient way to resolve this dispute is to present it for review to the Northern District of Illinois, which is much more familiar with the relevant facts. Finally, the Court finds that the aforementioned interests outweigh

---

[2] The Court refers to the motion to compel that Plaintiff originally filed in this District in August 2016 because Plaintiff's current motion relies on its previous briefing. Docket No. 37 at 4.

Defendant's interest in obtaining local resolution of this dispute.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** Plaintiff's motion to compel, Docket No. 37, **TRANSFERRED** to the Northern District of Illinois. The Court further **INSTRUCTS** the Clerk's Office to administratively close this action.

IT IS SO ORDERED.

Dated: February 1, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge